**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quantum Wave, LLC, | No. CV 11-01510-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael Russell, Tinka Smith, Michael Haarlander, The Avalon Effect, LLC, and Wes Burwell, | |
| Defendants. | |
| Michael Russell, Tinka Smith, Michael Haarlander, The Avalon Effect, LLC, and Wes Burwell, | |
| Counterclaimants, | |
| vs. | |
| Quantum Wave, LLC, Paul Weisbart, and Lillian Weisbart, | |
| Counterdefendants. | |

We have before us counterdefendants Quantum Wave, LLC, Paul Weisbart, and Lillian Weisbart's motion to dismiss or strike (doc. 35) and counterclaimants' response (doc. 39). We also have before us counterdefendants' motion to dismiss or strike defendant Wes Burwell's counterclaims and affirmative defenses (doc. 38), Burwell's response (doc. 41), and counterdefendants' reply to both responses (doc. 42). Counterdefendants request us to dismiss or strike counterclaimants Michael Russell, Tinka Smith, Michael Haarlander, The Avalon Effect, LLC, and Wes Burwell's declaratory judgment counterclaims, dismiss claims

for declaratory judgment, breach of contract, and unjust enrichment against the Weisbarts, and strike two affirmative defenses.

**I**

Under the Declaratory Judgment Act, we have discretion, but not the duty, to declare the rights and legal relations of interested parties. 28 U.S.C. § 2201(a). If a counterclaim for declaratory relief is redundant, we may exercise our discretion to strike the counterclaim. See 6 Charles Alan Wright et al., Federal Practice and Procedure § 1406 (3d ed. 2010).

Count two of the complaint, misappropriation of trade secrets, contends that Quantum Wave, LLC's "confidential information, including its distributor/customer database, constitutes trade secrets subject to protection under the law" and defendants wrongfully disclosed and used this information without consent (doc. 25 ¶ 56). Defendants deny these allegations in their answer. Defendants also seek a declaration that: (1) Michael Russell, Tinka Smith, Michael Haarlander, and Wes Burwell were independent contractors, (2) contact lists, business methods, and work product are their personal property, (3) this information is not a trade secret, and (4) they may use this information.

"[T]he safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." Wright, supra, § 1406. The relief requested in the counterclaims would not necessarily be granted even if the counterclaimants prevailed on all claims asserted by plaintiff. Moreover, it will not impose any additional burden on the counterdefendants. On the other hand, if the plaintiff prevails, then the requested declarations will simply be moot. At this early point in the litigation, we prefer to err on the side of caution and allow the claims to stand.

In a related action in the United States District Court for the Middle District of Tennessee, the court dismissed counterclaimants' action for declaratory relief as a coercive action. The court found that the action would serve no useful purpose because it "involve[d] disputed factual issues by an alleged tortfeasor and [did] not present all of the claims between the parties." The Avalon Effect, LLC v. Weisbart, No. 3:11-00744 (M.D. Tenn. Sept. 20,

2011) (Doc. 42, ex. B at 2). These problems are not present here, though, and the declaratory judgments sought in the counterclaim are not asserted to obtain the defendants' preferred forum. Cf. AmSouth Bank v. Dale, 386 F.3d 763 (9th Cir. 2004) ("[W]here a putative defendant files a declaratory action whose only purpose is to defeat liability in a subsequent coercive suit, no real value is served by the declaratory judgment except to guarantee to the declaratory plaintiff her choice of forum . . . .") (cited in The Avalon Effect, LLC v. Weisbart, supra).

## II

Counterdefendants ask us to strike or dismiss the declaratory judgment, breach of contract, and unjust enrichment claims against Paul and Lillian Weisbart. They contend the counterclaims do not make any allegations against the Weisbarts as individuals.

"A motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m). The claims against the Weisbarts are not "redundant, immaterial, impertinent, or scandalous" and thus a motion to strike is not authorized by Rule 12(f), Fed. R. Civ. P. Nor do counterclaimants point to any other rule or statute authorizing us to strike these claims.

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). On the other hand, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).

Counterclaimants allege that the Weisbarts failed to follow corporate formalities for Quantum Wave, LLC and commingled funds. If these allegations are true, then counterclaimants will be able to pierce the corporate veil and the Weisbarts will be liable for everything for which Quantum Wave, LLC is liable. In addition, the factual allegations in the counterclaims may be able to support claims for unjust enrichment and breach of contract against the Weisbarts individually. The requested declaratory relief also includes declarations of rights involving the Weisbarts. For these reasons, we deny counterdefendants' motion to strike or dismiss the claims against the Weisbarts as individuals.

### III

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). In count two of the complaint, plaintiffs allege misappropriation of trade secrets. Defendants have asserted as their second and third affirmative defenses that information alleged to be confidential or a trade secret is their property and/or not a protectable trade secret. (Doc. 37 at 11). These assertions give plaintiffs fair notice of the basis of the defense and are not redundant, immaterial, impertinent, or scandalous.

### IV

Accordingly, **IT IS ORDERED DENYING** counterdefendants' motion to dismiss or strike counterclaimants' declaratory judgment counterclaims, claims against Paul and Lillian Weisbart, and second and third affirmative defenses (doc. 35).

DATED this 12th day of January, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge